■ In the Matter of MICHAEL DONOVAN, Appellant, v ROBERT D. LIMANDRI, as Commissioner of the New York City Department of Buildings, et al., Respondents. [967 NYS2d 720]—

Judgment, Supreme Court, New York County (Alexander W. Hunter Jr., J.), entered May 24, 2012, denying the petition to annul respondents' determination, dated September 15, 2011, which denied petitioner's application to renew his stationary engineer license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and the matter remanded to respondents for further proceedings consistent herewith.

The determination to deny petitioner's renewal application for a stationary engineer license was in violation of lawful procedure and lacked a rational basis. Respondents arbitrarily concluded that petitioner's prior federal conviction for conspir-

acy bore a direct relationship to the duties and responsibilities attendant to a stationary engineer, the license for which he sought renewal after having his license renewed several times (*see* Correction Law §§ 750 [3]; 752 [2]; *Matter of Dellaporte v New York City Dept. of Bldgs.*, 106 AD3d 446 [1st Dept 2013]). Petitioner's prior conviction resulted from the misuse of his administrative powers in his former position, which granted him control over hiring, payroll, and selection of vendors. Such actions bear no direct relationship to the equipment maintenance duties and responsibilities inherent in the stationary engineer license, and thus do not satisfy the first exception to the general prohibition of discrimination against persons previously convicted of criminal offenses (*see* Correction Law § 752 [1]).

Respondents also could not have rationally found petitioner to pose an unreasonable risk to public safety or welfare so as to satisfy the second exception to the general prohibition (*see* Correction Law § 752 [2]). There was no evidence that petitioner had submitted false documents that related to his stationary engineer responsibilities or implicated public safety, and he disclosed his 2008 conviction, on prior license renewal applications, all of which were granted. It is also undisputed that he has been employed as a stationary engineer without incident since 2006, and submitted performance evaluations and letters of reference from both of his current employers attesting to his character, fitness, and qualifications for the license. Moreover, petitioner's probation officer advised respondents that since petitioner has been on probation, he "has been a productive member of society and has shown considerable remorse for his actions." In contrast, respondents offered only "speculative inferences unsupported by the record" to raise an issue concerning any potential risk to the public (*Matter of Marra v City of White Plains*, 96 AD2d 17, 25 [2d Dept 1983] [internal quotation marks omitted]).

In reversing, we note that *Dellaporte*, which is on point, was decided after the motion court's decision. Concur—Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.